IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| MARK J. KONSAVICH, | Civil Action No.: 1:16-CV-01829-RBH |
| Petitioner, | |
| v. | **ORDER** |
| MEEKS, Warden, FCI Williamsburg, | |
| Respondent. | |

Petitioner Mark J. Konsavich, an inmate confined at the Federal Correctional Institution in Williamsburg, and proceeding *pro se,* brought this habeas corpus petition pursuant to 28 U.S.C. § 2241. [ECF #1].  Currently pending before this Court is the Report and Recommendation of Magistrate Judge Shiva V. Hodges made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District Court of South Carolina.  The Magistrate Judge recommends that the petition be dismissed without prejudice and without requiring the respondent to file a return. [ECF #16].  Petitioner timely filed objections to the Report and Recommendation on September 1, 2016. [ECF #19]. This Court is now ready to issue its ruling.

**Factual Background and Procedural History**

The procedural history and factual background were adequately set forth in the Report and Recommendation. [ECF #16, pp. 1-2].  Briefly stated, on January 19, 2006, a jury found Petitioner guilty of conspiracy to distribute methamphetamine. [ECF #1, pp. 6-7]. At trial, Petitioner did not dispute the elements of the crime, but instead raised the "public authority defense" whereby he alleged that because he believed he was performing criminal acts in cooperation with the

1

government, he lacked any criminal intent to form the basis for a conviction. [ECF #1, pp. 2-3]. Petitioner received a sentence of 235 months. [ECF #16]. Petitioner appealed his sentence and conviction, however the Fourth Circuit Court of Appeals denied his appeal on May 9, 2007. [ECF #16, p. 2]. On October 14, 2008, Petitioner filed a motion to vacate judgment under 28 U.S.C. § 2255, which was denied. [ECF #16, p. 2]. On October 31, 2011, Petitioner filed a second motion pursuant to 28 U.S.C. § 2255, which was denied as successive on November 14, 2011. [ECF #16, p. 2]. Petitioner's term of imprisonment was reduced to 188 months on April 6, 2015. [ECF #16, p. 2]. On June 6, 2016, Petitioner filed this Petitioner pursuant to § 2241, arguing that due to an intervening change in the law under *United States v. Elonis*, 135 S. Ct. 2001 (2015), Petitioner is entitled to a new trial. [ECF #1]. The holding in that case, which Petitioner apparently believes is the applicable intervening change in the law, is that 18 U.S.C. § 875(c) (a statute related to communicating threats to third persons), requires a showing that Defendant intended to issue a threat or knew his communications would be viewed as a threat. On August 12, 2016, the Magistrate Judge issued her Report & Recommendation ("R&R"), recommending summary dismissal without prejudice. This matter is now before the Court for review.

## Legal Standard of Review

The Magistrate Judge notes that she reviewed the Petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination

remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This court is required to liberally construe pro se petitions. *Erickson v. Pardus*, 551 U.S. 89 (2007). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). While the right to *de novo* review may be waived by the failure to file timely objections, *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*

## Discussion

Individuals convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). Petitioner has previously filed two motions pursuant to § 2255. By contrast, a § 2241 petition "generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison convictions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citing *Chambers v. United States*, 106 F.3d 472, 474-75 (2d

Cir. 1997)). Furthermore, a petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the "savings clause," found in § 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The mere fact that relief under § 2255 is procedurally barred or barred by the gate-keeping requirements of § 2255(h) does not render the remedy of § 2255 inadequate or ineffective. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). The Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is "inadequate or ineffective to test the legality of a prisoner's detention:"

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333–34. In the R&R, the Magistrate Judge considered and rejected Petitioner's argument that he should be allowed to proceed under § 2241 by invoking the savings clause of § 2255(e). The Magistrate Judge, in relying upon the standard set forth in *Jones*, found that Petitioner failed to demonstrate that the conduct for which he was convicted was deemed "non-criminal" by the holding in *Elonis*, or by an other substantive law change

4

since the filing of his first § 2255 motion. Thus, the Magistrate Judge recommended finding that Petitioner failed to satisfy the savings clause of § 2255 and could not pursue relief through a § 2241 habeas petition in this Court. [ECF #16]. In his objections, Petitioner argues that the holding in *Elonis* is a change in the law that requires he receive a new trial.[1]

      Petitioner's first objection is that the Magistrate Judge failed to properly read the scope of *Elonis* to hold that a criminal conviction cannot rest solely on whether a defendant's conduct was subjectively reasonable. [ECF #19]. *Elonis* considered whether an individual's conviction pursuant to a statute criminalizing communication containing a threat to injure another person could stand given a jury instruction requiring that a reasonable person would perceive the communication as a threat. 135 S. Ct. 2001, 2010-12. The Supreme Court held the instruction was not sufficient to support his conviction because it focused on how these posts would be understood by a reasonable person. *Id. Elonis* is inapplicable because it considered a different federal criminal statute that appeared to be silent on the required mental state for that particular crime, as opposed to whether Petitioner's belief was or was not reasonable. The facts of Petitioner's case are further distinguishable from *Elonis* because the jury instruction in Petitioner's trial was given pursuant to the "public authority" defense to a different crime. [ECF #1, p. 7]. *See U.S. v. Harvey*, 159 Fed. Appx. 451, 2005 WL 3326787, at *5 (noting that the affirmative defense of "public authority" allows a defendant to seek exoneration based on the fact that he *reasonably* relied on the authority of a government official) (emphasis added). Nonetheless, Petitioner's reading of *Elonis* still does

---

[1] In his Petition, he appears to argue that *Elonis* somehow alters the finding in *U.S. v. Burrows*, 36 F.3d 875 (9th Cir. 1994), that a similar jury instruction to the one given in Petitioner's case and based on the public authority defense was correct. This Court notes that it does not appear that *Elonis* overrules *Burrows*.

not satisfy the standard in *Jones* to show that he can successfully bring a §2241 petition. Accordingly, this objection is overruled.

Petitioner's second objection is that the Magistrate Judge incorrectly assumes *Elonis* only applies to the statute related to threatening communications at issue in that case. Again, *Elonis* dealt with the necessary showing to convict a defendant of making threatening communications. In Petitioner's case, he was convicted of conspiracy to distribute meth, and he asserted a defense of "public authority" and jury instruction regarding that. Furthermore, even if *Elonis* applied here, Petitioner's assumption that *Elonis* is universally applicable to all criminal statutes, is not supported by any legal citation or authority. Thus, this Court overrules this objection.

Petitioner's third objection is that the Magistrate Court incorrectly assumes he is making a "sufficiency of the evidence" challenge. Petitioner argues he is not making such a claim, and he admits that his subjective belief was unreasonable in this case. [ECF #19, p. 1]. Instead, Petitioner argues that he "honestly" believed he was working with law enforcement, regardless of whether that belief was reasonable. Thus, he argues because the jury was instructed based on his "reasonable belief," his presumption of innocence remains because the jury did not make the proper determination. However, this argument does not otherwise allow Petitioner to challenge his conviction and sentence under § 2241 because this argument does not establish a substantive change in the law such that the conduct he was convicted of (conspiracy to distribute meth) is now deemed "not criminal." Accordingly, this objection is overruled.

Petitioner's final objection is that he maintains his innocence based upon his honest belief that he was assisting law enforcement, and thus it is a miscarriage of justice to let his conviction stand. However, a motion under § 2241 is not the proper legal mechanism for challenging a petitioner's conviction. Further, as previously discussed, Petitioner does not make a showing necessary to satisfied the requirements of the savings clause in § 2255(e), such that this Petition should not be dismissed. Accordingly, this Court overrules Petitioner's objection.

This Court agrees with the Magistrate Judge that because Petitioner does not satisfy the criteria to invoke § 2255's savings clause, he cannot proceed with his motion under § 2241, and this Court lacks jurisdiction to consider his petition. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir 2010).

### **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes that Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**Conclusion**

After reviewing the entire record, and for the reasons stated above and by the Magistrate Judge in the Report and Recommendation, this Court overrules Petitioner's objections [ECF #19] and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. [ECF #16].

**IT IS THEREFORE ORDERED** that Petitioner's habeas petition [ECF #1] is **DISMISSED WITHOUT PREJUDICE. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Florence, South Carolina  
March 3, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge